UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JOVICA PETROVIC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No: 4:15CV1493 HEA |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Defendant. | ) |

**OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff's Motion to Convert A Fed.R.Crim.P. into an Action for Damages Against United States of America, [Doc. No. 8]. Defendant has responded to the motion. For the reasons set forth below, the Motion is granted.

The Eighth Circuit Court of Appeals has addressed the very issue at bar. In *United States v. Bailey,* 700 F.3d 1149 (8th Cir. 2012), the Court held that a criminal defendant should be afforded the opportunity to convert a Rule 41 motion into a civil claim for damages.

> We have not previously had occasion to determine the appropriate standard of review for the denial of a motion to convert, but such a motion is analogous to a motion for leave to amend the pleadings. *Cf.* Fed.R.Civ.P. 15(a)(2). We therefore review the district court's denial of Bailey's motion for an abuse of discretion. *See Marmo v. Tyson Fresh Meats, Inc.,* 457 F.3d 748, 755 (8th Cir.2006). We have previously considered whether

compensatory damages are available under Rule 41 when the government has lost or destroyed a defendant's property. *See United States v. Hall,* 269 F.3d 940 (8th Cir.2001). In *Hall,* the federal government had improperly disposed of a pickup truck and a waterbed which had been seized from the defendant. *Id.* at 941. Since the property could no longer be returned, the district court granted damages equal to the fair market value of the items. *Id.* Although such an award was not authorized under Rule 41 itself, "the court should grant the movant ... an opportunity to assert an alternative claim" under a statute which authorizes money damages against the government. *Id.* at 943.

Here, the district court concluded that Bailey's property appeared no longer to be in the government's possession and that its current whereabouts "remain[ed] a mystery." It denied Bailey's motion to convert his Rule 41 motion into a civil claim for damages, stating without further explanation that "leave to amend would be futile under the circumstances" and that "[a] civil action would have to be brought separately." It then denied Bailey's Rule 41 motion and dismissed the case.

We conclude that the district court abused its discretion in denying Bailey's motion to convert the Rule 41 action into a civil claim for damages. When a court determines that the government no longer possesses the property whose return is sought, it "should grant the movant ... an opportunity to assert an alternative claim for money damages." *Hall,* 269 F.3d at 943. The district court failed to grant Bailey that opportunity when it dismissed his Rule 41 motion and required him to initiate a separate damages action. Under *Hall,* Bailey should have been allowed an opportunity to convert his Rule 41 motion into an action for damages against the United States.

This conclusion is supported by the fact that the statute of limitations might well bar Bailey from bringing a separate action. The statute of limitations on claims under 42 U.S.C. § 1983 and *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971), is six years in Minnesota. Minn.Stat. § 541.05, subd. 1(10); *see Sanchez v. United States,* 49 F.3d 1329, 1330 (8th Cir.1995) (per curiam). Bailey's property was seized nine years ago. When asked at oral argument whether equitable tolling would apply to Bailey's claim, the government did not concede that it would. Since the damages claim arises

"out of the same conduct, transaction, or occurrence" as Bailey's original Rule 41 motion, it relates back to the original filing date of his motion. *Peña v. United States,* 157 F.3d 984, 987 & n. 3 (5th Cir.1998) (citing Fed.R.Civ.P. 15(c)(2)).

*Bailey,* 700 F.3d at 1152–53.

Plaintiff should therefore be allowed to convert his Rule 41 Motion, thereby allowing him the opportunity to state an alternative claim for money damages.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Convert, [Doc. No. 8], is granted.

**IT IS FURTHER ORDERED** that Defendant shall file a response to the Court's show cause Order of September 15, 2015 within 14 days from the date of this Opinion, Memorandum and Order.

Dated this 30th day of September, 2016.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE