UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JOVICA PETROVIC, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No. 4:15CV1493 HEA |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent, | ) |

# **OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff's Motion for Return of Seized Property, [Doc. No. 1]. Pursuant to the Court's Show Cause Order, the Government has filed a response. For the reasons set forth below, the Motion is denied.

## **Facts and Background**

On or about July 19, 2010, Federal agents executed a search warrant at Jovica Petrovic's house on July 19, 2010. Several items were seized. The seized property included the following:

    A. Bulk documents located in living room off of Jovica Petrovic's residence (the "Documents");

    B. Apple laptop computer located in vehicle parked inside the garage of residence (the "Computer");

    C. Hard drive located in vehicle parked inside the garage of residence (the "Hard Drive");

D. Camera located in vehicle parked inside the garage of residence (the "Camera");

E. 4 binders located in an upstairs office (the "Binders");

F. Photos located in an upstairs office (the "Photos");

G. 2 German passports/Permanent Resident Card (the "Passports"); and

H. Bag of Post Cards (the "Post Cards").

Plaintiff was indicted in Case No. 4:10-cr-314 HEA on one count of extortion in violation of 18 U.S.C. § 875, one count of interstate stalking in violation of 18 U.S.C. § 2261(b)(3), and four counts of interstate stalking and cyberstalking in violation of 18 U.S.C. § 2261(b)(4).

On November 18, 2011, a jury returned a verdict of guilty against Plaintiff on each count of the indictment.   Plaintiff was sentenced to 96 months incarceration. On December 13, 2012, the Court of Appeals for the Eighth Circuit affirmed this Court's judgment.

Plaintiff filed his first motion for return of property in his Criminal Case requesting return of the same Property that is the subject of the instant motion. This Court denied the first motion on January 23, 2014.

Plaintiff filed a second motion for return of property requesting that the same Property be returned on July 7, 2014, which was denied on August 25, 2014.

On November 11, 2014, Plaintiff filed a motion requesting that this Court reopen his time to file an appeal from its August 25, 2014 denial order. The Court denied the motion to reopen on November 24, 2014.

Plaintiff filed the instant Motion for Return of Seized Property on March 26, 2015, which was denied on March 31, 2015. The Motion again requested the return of the Property at issue herein.

Plaintiff filed notice of appeal on April 28, 2015 from the denial of the Motion. On August 26, 2015, the Court of Appeals issued its opinion vacating this Court's denial of the Motion and requiring the government to respond thereto. The Motion was subsequently assigned a civil case number, and this Court ordered the United States to show cause why the Motion should not be granted on or before October 17, 2016.

As a result of the disposal of certain items by the U.S. Postal Inspection Service, and after examination of the U.S. Attorney's Office's file, the Government advises the Court that the only items of Property still in the custody of the United States are the Computer and the Passports.

**Discussion**

On two previous occasions, Plaintiff filed motions seeking the return of his property, and on each occasion, this Court has denied his request. Each of those

denials constitutes an order on the merits from which Plaintiff had the opportunity to appeal. In each instance, Plaintiff did not file an appeal. As a result, his claim is barred under the doctrine of res judicata, also known as claim preclusion.

When a motion for return of property is filed after final judgment in a criminal case, then the filing constitutes a new civil equitable action. *See United States v. Parsons*, 472 F. Supp. 2d 1169, 1173 (N.D. Iowa 2007) (noting that a motion to return seized property under Rule 41(g) "is a motion in equity, in which courts will determine all the equitable considerations in order to make a fair and just decision" (internal quotations omitted)); *accord United States v. White*, 582 F.3d 787, 806 n.3 (7th Cir. 2009) ("[A] Rule 41(g) motion initiates a new civil equitable proceeding."); *United States v. Howell,* 425 F.3d 971, 974 (11th Cir. 2005) ("When an owner invokes Rule 41(g) after the close of all criminal proceedings, the court treats the motion for return of property as a civil action in equity."); *Bailey v. United States*, 508 F.3d 736, 738 (5th Cir. 2007) (noting that where "criminal case had concluded, the court properly construed [the Rule 41(g) motion] as a civil complaint under the court's general equity jurisdiction"); *Lavin v. United States*, 299 F.3d 123, 127 (2d Cir. 2002) ("After a criminal proceeding has ended, a district court should construe a motion requesting return of property . . . as initiating a civil action in equity."); *see also Black Hills Institute of Geological Research v. U.S. Dep't of Justice*, 967 F.2d

1237 (8th Cir. 1992) (noting that return of property is a remedy that "should be exercised cautiously and subject to general equitable principles"). The denial of such a motion thus constitutes a final order of judgment on the merits. *See* Fed. R. Civ. P. 41(b) ("Unless the dismissal order states otherwise, . . . any dismissal . . . operates as an adjudication on the merits.").

"Claim preclusion[] precludes relitigation of a claim formerly made." *A.H. ex rel. Hubbard v. Midwest Bus Sales, Inc.*, 823 F.3d 448, 453 (8th Cir. 2016). Claim preclusion "applies where (1) the prior judgment was rendered by a court of competent jurisdiction, (2) the decision was a final judgment on the merits, and (3) the same cause of action and the same parties or their privies were involved in both cases." *Id.* (internal quotations omitted). "The doctrine of claim preclusion bars not only the claims asserted in the first action but also claims which the parties, exercising reasonable diligence, might have brought forward at the time." *Misischia v. St. John's Mercy Health Sys.*, 457 F.3d 800, 804 (8th Cir. 2012).

Each of the prerequisites for claim preclusion is satisfied in this case. This Court had jurisdiction to adjudicate the first two motions for return of property. The court's denial in each case constituted a final judgment on the merits because it fully disposed of the motions, which Plaintiff acknowledged when he sought leave to enlarge his time to appeal the denial of the second motion. In each case, the same

party (Plaintiff) has sought return of the same property from the same party (the United States). Thus, each of the prerequisites for claim preclusion is established, and Plaintiff's Motion is barred.

Plaintiff had the opportunity to appeal this Court's prior denials of his motions for return of property. Although he claims that he did not receive notice of the second denial in time to file a notice of appeal, he has made no similar claim with regard to the Court's denial of his first motion for return of property. Because did not appeal, this Court's prior judgments became final, barring relitigation of the underlying claims. The Motion therefore will be denied.

## Conclusion

Plaintiff's Motion requests the return of property that is no longer in the United States' possession. The Government has advised the Court that the principal reason it was disposed of is that this Court had twice previously denied Plaintiff's requests for return of the property, and in neither case did Plaintiff appeal that denial. The doctrine of claim preclusion is applicable in the instant matter. The Government has established that all requirements of claim preclusion have been met. The Motion is denied.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Return of Seized

Property, [Doc. No. 1], is denied.

A separate judgment in accordance with this Opinion, Memorandum and Order is entered this same date.

Dated this 30th day of October, 2017.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE