UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

JOVICA PETROVIC,                              )
                                             )
              Petitioner,                     )
                                             )
v.                                            )          No. 4:15CV1493 HEA
                                             )
UNITED STATES OF AMERICA,                     )
                                             )
              Respondent,                     )

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on the United States' Amended Motion to
Dismiss Petitioner's Rule 41(g) Motion with Prejudice.   Petitioner has responded to
the Motion.   For the reasons set forth below, the Motion is granted in part and
denied in part.

## Facts and Background

On July 19, 2010, Federal agents executed a search warrant at Jovica
Petrovic's house.   Several items were seized.   The seized property included the
following:

> A. Bulk documents located in living room off of Jovica Petrovic's residence
> (the "Documents");
>
> B. Apple laptop computer located in vehicle parked inside the garage of
> residence (the "Computer");
>
> C. Hard drive located in vehicle parked inside the garage of residence (the
> "Hard Drive");

D. Camera located in vehicle parked inside the garage of residence (the "Camera");

E. 4 binders located in an upstairs office (the "Binders");

F. Photos located in an upstairs office (the "Photos");

G. 2 German passports/Permanent Resident Card (the "Passports"); and

H. Bag of Post Cards (the "Post Cards").

Plaintiff was indicted in Case No. 4:10-cr-314 HEA on one count of extortion in violation of 18 U.S.C. § 875, one count of interstate stalking in violation of 18 U.S.C. § 2261(b)(3), and four counts of interstate stalking and cyberstalking in violation of 18 U.S.C. § 2261(b)(4).

On November 18, 2011, a jury returned a verdict of guilty against Plaintiff on each count of the indictment. Plaintiff was sentenced to 96 months incarceration. On December 13, 2012, the Court of Appeals for the Eighth Circuit affirmed this Court's judgment.

Plaintiff filed his first motion for return of property in his Criminal Case requesting return of the same Property that is the subject of the instant motion. This Court denied the first motion on January 23, 2014.

Plaintiff filed a second motion for return of property requesting that the same Property be returned on July 7, 2014, which was denied on August 25, 2014.

On November 11, 2014, Plaintiff filed a motion requesting that this Court reopen his time to file an appeal from its August 25, 2014 denial order. The Court denied the motion to reopen on November 24, 2014.

In his Motion, Petitioner asks for the return of his seized property. The United States advises the Court in its motion that the property Petitioner seeks, (a) bulk documents located in living room; (b) Apple laptop computer located in vehicle; (c) hard drive located in vehicle; (d) camera located in vehicle; (e) four binders located in upstairs office; (f) photos located in upstairs office; (g) two German passports; and (h) bag of postcards, has either been destroyed or returned to Petitioner. It further notes that it possesses its own copies of electronic files that were previously stored on Petitioner's computer and hard drive, the hard drive having been destroyed following Petitioner's conviction in his criminal case.

Petitioner complains that some of the property he has received is damaged and/or unusable. Petitioner argues that he is unable to access files because he was not provided the software which Petitioner used to create the files and a lot of the files are corrupt or cannot be opened because the files are missing necessary software, source and path of the files.

**Discussion**

**Amended Motion to Dismiss**

The United States has returned all the property that it retained of Petitioner.

Therefore, there is nothing further to be returned regarding the actual property.

*See Jackson v. United States*, 526 F.3d 394, 398 (8th Cir. 2008).   As the United

States has advised the Court, it has retained copies of the files that were previously

on Petitioner's electronic devices.   The United States has withheld certain files

from this copy from Petitioner.   In explanation, the United States informs the Court:

> Many of the withheld files are the very files that the Petitioner used to commit his criminal offenses. Disturbingly, the United States has also identified various documents that appear to be personal financial documents of third parties and/or from M.P.'s electronic devices.
>
> Additional withheld files fit the same pattern of criminal conduct that led to the defendant's conviction. For example, the Petitioner's hard drive had a folder titled "Marina." Within this folder were numerous pictures of a young woman, some of which appear to have been taken surreptitiously, and copies of apparent text message communications between the Petitioner and the woman that reveal potentially embarrassing intimate details. The withheld files also include images and videos of other third parties, some of which are unknown to the government, in various stages of undress and/or performing sexual acts. For example, the Petitioner's hard drive had a folder titled "Sex Kids." Within this folder were numerous pictures of individuals, including the Petitioner, his adult children and other individuals, performing sexual acts on each other.

The United States asks the Court to condone the withholding of the files

which the United States claims are indicative of "encouraging" or "rewarding"

illegal activity.   Although the files may possibly be considered repulsive, the

government's actions go beyond the pale of legitimate law enforcement interests.

The government cannot predict what Petitioner will do in the future, nor has the United States sufficiently demonstrated that the retained files that are not illegal nor a part of Petitioner's criminality for which he was convicted should justifiably be withheld from Petitioner.   Indeed, Petitioner claims that the United States has, for example, retained "family pictures" and financial information that have nothing do with the crimes for which he was convicted.   As such, Petitioner is entitled to the files that are not related to his criminality.   The United States, therefore should provide Petitioner with copies of the files which are not part of Petitioner's criminal case.

**Amended Motion to His FTCA Action**

Petitioner has filed this "Motion" seeking $4,500 to replace his Apple Lap-top Computer which he received on August 18, 2018. The computer was returned to Petitioner in response to his Motion for return of his property that was seized during the investigation of the criminal case against him.   Petitioner claims the computer was damaged beyond repair by the United States.   In response, the United States argues that there is no Federal Tort Claims Act claim pending in this proceeding. Petitioner, thereafter filed two pleadings styled "Complaint Under Federal Tort Claim Act (FTCA)."   The pleadings appear to be the same "Complaint."

The United States did not respond to these pleadings. It appears to the Court that Petitioner is attempting to now raise new issues regarding damages to his personal property that were not previously raised in his other FTCA cases. The United States should therefore respond to these new pleadings.

## Conclusion

**IT IS HEREBY ORDERED** that Respondent's Amended Motion to Dismiss, [Doc. No. 60] is granted in part and denied in part. The motion is denied as to property previously sent to Petitioner or destroyed and as to copies of files retained by Respondent which relate to Petitioner's criminal case. The Motion is denied with respect to copies of files from Petitioner's electronic devices which are not related to Petitioner's criminal case or which are not illegal.

**IT IS FURTHER ORDERED** that Respondent shall send copies of Petitioner's files as detailed above to Petitioner at his address on record within 21 days from the date of this Opinion, Memorandum and Order and shall file a Report with the Court within 3 days after having done so advising the Court of the time, address, and manner of the said delivery.

**IT IS FURTHER ORDERED** Petitioner's Amended *Pro Se* Motion, [Doc. No. 60] is denied, as there was no pending FTCA action pending at the time of filing the Amended Motion.

**IT IS FURTHER ORDERED** that Respondent shall file a responsive pleading to Petitioner's "Complaints Under the Federal Tort Claims Act (FTCA) within 21 days from the date of this Order.

Dated this 19th day of July, 2019.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE

.