UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

JOVICA PETROVIC, )
 )
 Plaintiff, )
 )
v. ) No. 4:15CV1493 HEA
 )
UNITED STATES OF AMERICA, )
 )
 Defendant. )

# OPINION, MEMORANDUM AND ORDER

This matter is before the Court on the Government's Motion to Dismiss Plaintiff's FTCA Action, [Doc. No. 75]. Plaintiff has failed to respond to the Motion. For the reasons set forth below, the Motion is granted.

## Facts and Background

On or about July 19, 2010, Federal agents executed a search warrant at Plaintiff's home. Several items were seized. The seized property included the following:

A. Bulk documents located in living room off of Jovica Petrovic's residence (the "Documents");

B. Apple laptop computer located in vehicle parked inside the garage of residence (the "Computer");

C. Hard drive located in vehicle parked inside the garage of residence (the "Hard Drive");

D. Camera located in vehicle parked inside the garage of residence (the "Camera");

E. 4 binders located in an upstairs office (the "Binders");

F. Photos located in an upstairs office (the "Photos");

G. 2 German passports/Permanent Resident Card (the "Passports"); and

H. Bag of Post Cards (the "Post Cards").

Plaintiff was indicted in Case No. 4:10-cr-314 HEA on one count of extortion in violation of 18 U.S.C. § 875, one count of interstate stalking in violation of 18 U.S.C. § 2261(b)(3), and four counts of interstate stalking and cyberstalking in violation of 18 U.S.C. § 2261(b)(4).

On November 18, 2011, a jury returned a verdict of guilty against Plaintiff on each count of the indictment. Plaintiff was sentenced to 96 months incarceration. On December 13, 2012, the Court of Appeals for the Eighth Circuit affirmed this Court's judgment.

Plaintiff filed his first motion for return of property in his Criminal Case requesting return of the same Property that is the subject of the instant motion. This Court denied the first motion on January 23, 2014.

Plaintiff filed a second motion for return of property requesting that the same Property be returned on July 7, 2014, which was denied on August 25, 2014.

On November 11, 2014, Plaintiff filed a motion requesting that this Court reopen his time to file an appeal from its August 25, 2014 denial order. The Court denied the motion to reopen on November 24, 2014.

Plaintiff filed the instant Motion for Return of Seized Property on March 26, 2015, which was denied on March 31, 2015. The Motion again requested the return of the Property at issue herein.

Plaintiff filed notice of appeal on April 28, 2015 from the denial of the Motion. On August 26, 2015, the Court of Appeals issued its opinion vacating this Court's denial of the Motion and requiring the government to respond thereto. The Motion was subsequently assigned a civil case number, and this Court ordered the United States to show cause why the Motion should not be granted on or before October 17, 2016.

The Court entered a Judgment denying Plaintiff's Motion for Return of Seized Property on October 30, 2017. Plaintiff appealed that judgment, and the case was remanded by the Eighth Circuit on June 7, 2018, "with instructions to address Petrovic's Rule 41(g) claim regarding the property still in the government's possession." Plaintiff has not filed any administrative tort claim under the FTCA with either the United States Postal Service or the Department of Justice.

On June 19, 2018, Plaintiff filed his "Legal Notice" alleging that his "conversion action for damages (Tort Claim and Bivens Action) remains pending in the District Court. Plaintiff has never filed a tort claim or Bivens action in this case.

Plaintiff filed a Bivens complaint against a U.S. Postal Inspector and two assistant United States attorneys on November 7, 2016 in Case No. 4"16CV177 HEA. This complaint alleges negligence based on his computer having been formatted. The Court dismissed that case on April 12, 2017. Plaintiff appealed the dismissal. The Eighth Circuit Court of Appeals affirmed the dismissal on September 21, 2017.

Plaintiff filed an FTCA complaint against the United States on November 8, 2016 in Case No. 4:16CV1744 SNLJ, alleging that the reformatting of his computer caused the loss of thousands of pictures of family and friends, documents and business contracts for which plaintiff paid hundreds of thousands of dollars, patent blueprints and development documents, and software, including "oracle software" that plaintiff valued at over $100,000.00. This complaint was dismissed on March 21, 2017. The complaint was dismissed due to "the exception in subsection (c), which provides, in pertinent part, that the United States may not be sued for

> [a]ny claim arising in respect of the assessment or collection of any tax or customs duty, or the detention of any goods, merchandise, or other property by any officer of customs or excise or any other law enforcement officer[.]

28 U.S.C. §2680(c).

The Court ruled that Plaintiff's Apple computer

> was seized from his possession pursuant to a search warrant, and therefore not solely for the purpose of forfeiture. It was then detained within the control and possession of the United States. … Based upon the detention of goods exception of §2680(c), the United States retained its sovereign immunity. [Case No. 4:16CV1744SNLJ, Doc. 7].

Plaintiff appealed that dismissal, and the Eighth Circuit affirmed the dismissal on September 20, 2017.

On July 26, 2018 Defendant filed its Notice Regarding Return of Property, informing the Court that it had returned to Plaintiff his passports and DVDs containing files that were previously stored on the laptop computer and external hard drive. Defendant did not return any files that were part of Plaintiff's criminality. On August 16, 2018, Defendant filed its Notice of Return of Laptop Computer, after receiving the name and address of a third party designee from Plaintiff. On August 23, 2018, Plaintiff filed his "Motion to Compel", requesting in his "Legal Notice" attached only that the Defendant return his property, but not requesting any damages or asserting any claim for damages. On September 4, 2018, Plaintiff filed his "Supplement to Petitioner's FTCA and Bivens Claim."

5

Plaintiff did not have any FTCA or Bivens claims pending in this case, and his previously pending FTCA claim and Bivens complaints had been dismissed.

On September 20, 2018, Defendant filed its Motion to Dismiss Petitioner's Rule 41(g) Motion With Prejudice, arguing that the Government had returned to Plaintiff all of his property that was still in the Government's possession. On October 2, 2018, Defendant filed its "Amended Motion to Dismiss Petitioner's Rule 41(g) Motion With Prejudice, arguing that the Government returned all of Plaintiff's property that it had in its possession, except for files withheld because they were created as part of the criminal investigation. Defendant provided another DVD to Plaintiff with 12,789 files from his laptop and external hard drive, which files were in their "native" format. On October 2, 2018, Plaintiff filed a Response to the Motion to Dismiss, alleging that his pending claims for damages under the FTCA and Bivens were filed on November 7, 2016. However, both complaints were dismissed, and both dismissals were affirmed by the Eighth Circuit.

Plaintiff first asserted an FTCA claim in this case on January 2, 2019 and January 17, 2019 Plaintiff's second "complaint" is duplicative of his January 2, 2019 complaint. Plaintiff's "Complaint Under Federal Tort Claim Act (FTCA)" alleges damages which were allegedly "created when the government reformatted Petrovic's laptop computer and the external hard drive". These allegations

are identical to the claims Plaintiff set forth in his two previous cases, 4:16CV1770HEA and 4:16CV1744SNLJ. In paragraph 6(c) of Plaintiff's "FTCA Complaint", [Doc. 64] Plaintiff admits that his FTCA and Bivens actions had already been dismissed and those dismissals were upheld by the Eighth Circuit. As stated above, Plaintiff has never filed an administrative tort claim with USPS or DOJ.

## Discussion

The Federal Tort Claims Act (FTCA) 28 U.S.C. § 2671 *et seq.* was enacted by Congress as a limited waiver of the United States government's sovereign immunity. *United States v. Kubrick*, 444 U.S. 111, 117-18 (1979); *Bellecourt v. United States*, 994 F.2d 427, 430 (8th Cir. 1993). Subject to certain exceptions, the government is liable in tort for damages caused by the negligence of government employees acting within the scope of their office under circumstances where the government, "if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1) (Supp.1997). *Mandel v. United States*, 793 F.2d 964, 968 (8th Cir. 1986), *Bergmann v. United States*, 689 F.2d 789, 792 (8th Cir. 1982).

Section 2675(a) of the FTCA provides:

An action shall not be instituted upon a claim against the United

> States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall first have presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail.

The requirement set forth in Section 2675(a) is a jurisdictional prerequisite which must be satisfied before a claimant may proceed against the United States in District Court. *McNeil v. United States*, 508 U.S. 106, 111-112 (1993); *Porter v. Fox*, 99 F.3d 271, 274 (8th Cir. 1996); *Bellecourt v. United States*, 994 F.2d 427, 430 (8th Cir. 1993). Filing an administrative claim is a prerequisite to maintaining jurisdiction and cannot be waived absent a showing of exhaustion. *Bellecourt*, 994 F.2d at 430.

The Government has submitted the Declarations of Kimberly A. Herbst and Hope L Swann. Plaintiff did not file an administrative claim with the United States Postal Service nor the Department of Justice prior to commencing his FTCA case. As such, this Court is without jurisdiction to adjudicate his claims.

## Conclusion

Plaintiff has failed to properly exhaust his administrative remedies prior to seeking relief under the FTCA in this Court. Defendant's Motion to Dismiss is well taken and this matter will be dismissed for lack of jurisdiction.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss is granted.

**IT IS FURTHER ORDERED** that this matter is dismissed.

A separate Order of Dismissal in accordance with this Opinion, Memorandum and Order is entered this same date.

Dated this 16th day of December, 2019.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE